UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———————————

ANESTACIO TENEYUQUE, # 665266,   )
                                 )
               Petitioner,       )
                                 )     Case No. 1:17-cv-681
v.                               )
                                 )     Honorable Paul L. Maloney
SHANE JACKSON,                   )
                                 )
               Respondent.       )
_____)

## REPORT AND RECOMMENDATION

This is a habeas corpus proceeding brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner's convictions stem from two March 2013 home invasions. On June 26, 2014, a Saginaw County Circuit Court jury found petitioner guilty of two counts of receiving and concealing stolen goods valued between $1,000 and $20,000, MICH. COMP. LAWS § 750.535(3)(a), two counts of second-degree home invasion, MICH. COMP. LAWS § 750.110a(3), and two counts of conspiracy to commit second-degree home invasion, MICH. COMP. LAWS § 750.110a(3). The trial court judge sentenced petitioner to twelve to 45 years' imprisonment on the home invasion and conspiracy convictions, and to five to fifteen years' imprisonment on the receiving and concealing stolen goods convictions.

After unsuccessful attempts to overturn his conviction in state court, petitioner filed this habeas corpus petition. Petitioner seeks federal habeas corpus relief on the same grounds rejected by the Michigan Court of Appeals:

    I.      The trial court committed reversible error in denying petitioner's motion for directed verdict because the prosecution failed to prove all the elements of second-degree home invasion in violation of petitioner's due process rights.

    II.     It was misconduct by the prosecutor to ask key prosecution witness, Jessica Long, to give an opinion regarding petitioner's guilt.

(Petition, ECF No. 1, PageID.5-7, ECF No. 1-2, PageID.39).

Respondent argues that the petition should be denied because all grounds raised by petitioner lack merit. Further, respondent argues that Ground II is barred by procedural default.[1] (ECF No. 10).

Judge Maloney has referred the matter to me for all purposes, including the issuance of a report and recommendation under 28 U.S.C. § 636(b)(1)(B) and Rule 10 of the Rules Governing Section 2254 Cases in the District Courts. After review of the state-court record, I conclude petitioner has not established grounds for federal habeas corpus relief. Petitioner has not shown that the state court decision rejecting the grounds raised in the petition was "contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or that it was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C.

---

[1]This Court has discretion to ignore a procedural default and proceed directly to the merits of an apparently defaulted claim, when to do so would be more expeditious than an analysis of the complicated procedural default question. *See Lambrix v. Singletary*, 520 U.S. 518, 525 (1997). In the present case, the grounds raised by petitioner are meritless, so a detailed analysis of the complicated procedural default issues is unnecessary.

§ 2254(d).  I recommend that the petition be denied on the merits.

## Standard of Review

The Court's review of this petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA).  *See Penry v. Johnson*, 532 U.S. 782, 792 (2001).  AEDPA "dictates a highly deferential standard for evaluating state-court rulings which demands the state court decisions be given the benefit of the doubt."  *Bell v. Cone*, 543 U.S. 447, 455 (2005) (citations omitted).  "AEDPA requires heightened respect for state court factual and legal determinations."  *Lundgren v. Mitchell*, 440 F.3d 754, 762 (6th Cir. 2006). "State-court factual findings [] are presumed correct; the petitioner has the burden of rebutting the presumption by clear and convincing evidence."  *Davis v. Ayala*, 135 S. Ct. 2187, 2199-2200 (2015) (citations and internal quotations omitted).

If a state court adjudicated the claim, deferential AEDPA standards must be applied.  28 U.S.C. § 2254(d); *see Premo v. Moore*, 562 U.S. 115, 121 (2011); *Waddington v. Sarausad*, 555 U.S. 179, 190 (2009); *Holder v. Palmer*, 588 F.3d 328, 341 (6th Cir. 2009) ((" '[A]ny claim that was adjudicated on the merits in State court proceedings' is subject to AEDPA deference.") (quoting 28 U.S.C. § 2254(d)).  AEDPA prevents federal habeas "retrials" and ensures that state court convictions are given effect to the extent possible under law.  *Bell v. Cone*, 535 U.S. 685, 693-94 (2002).  It prohibits " 'using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts.' "  *Parker v. Matthews*, 567 U.S. 37, 38 (2012) (*per curiam*) (quoting *Renico v. Lett*, 559 U.S. 766, 779 (2010)).

The AEDPA standard is difficult to meet "because it was meant to be." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). "Section 2254(d) reflects that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error corrections through appeal." *Id.* at 102-03 (citation and internal quotation omitted); *see Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015). Section 2254(d) states that an application for a writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see White v. Wheeler*, 136 S. Ct. 456, 460 (2015).

The only definitive source of clearly established federal law for purposes of § 2254(d)(1) is the holdings – not dicta – of Supreme Court decisions. *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014); *see Woods*, 135 S. Ct. at 1377 ("Because none of our cases confront 'the specific question presented by this case,' the state court's decision could not be 'contrary to' any holding from this Court."). "[W]here the precise contours of a right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *Id.* (quotations and internal citations omitted). Further, under section 2254(d)(1), "habeas relief may be granted only if the state

court's adjudication 'resulted in a decision that was contrary to, or involved an unreasonable application of,' Supreme Court precedent that was 'clearly established' at the time of the adjudication." *Shoop v. Hill*, 139 S. Ct. 504 (2019) (*per curiam*).

An unreasonable application of the Supreme Court's holding must be " 'objectively unreasonable,' not merely wrong; even 'clear error' will not suffice." *White v. Woodall*, 134 S. Ct. at 1702 (quoting *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003)); *see Virginia v. LeBlanc*, 137 S. Ct. 1726, 1728 (2017) (*per curiam*). Rather, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *White v. Woodall*, 134 S. Ct. at 1702 (quoting *Harrington v. Richter*, 562 U.S. at 103); *see also Dunn v. Madison*, 138 S. Ct. 9, 11 (2017) (*per curiam*). "[C]ircuit precedent does not constitute 'clearly established Federal law, as determined by the Supreme Court,' " and "[i]t therefore cannot form the basis for habeas relief under AEDPA." *Hill v. Curtin*, 792 F.3d 670, 677 (6th Cir. 2015) (quoting *Parker v. Matthews*, 567 U.S. at 48-49); *see Glebe v. Frost*, 135 S. Ct. 429, 431 (2014) (*per curiam*) ("As we have repeatedly emphasized, [] circuit precedent does not constitute 'clearly established Federal law, as determined by the Supreme Court.' ").

"[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010). Section 2254(d)(2) requires that this Court

accord the state trial court substantial deference. If reasonable minds reviewing the record might disagree about the finding in question, on habeas review that does not suffice to supersede the trial court's determination. *Brumfield v. Cain*, 135 S. Ct. 2269, 2277 (2015).

## Proposed Findings of Fact

A.  **Circuit Court Proceedings**

Petitioner's trial began on June 19, 2014, and it concluded with the jury's verdict on June 26, 2014, convicting him of the offenses described above. (Trial Transcripts, TTI-V, ECF No. 11-9 through 11-13).

Mary Lagalo testified that, on the morning of March 18, 2013, someone broke into her home on West Wintergreen Drive. Entry had been made through a garage door. The stolen property included televisions, jewelry, iPads, cellphones, tools and a red Wii gaming console. (TTIII, 7-23, ECF No. 11-11, PageID.514-18).

Jessica Long testified that, in March 2013, petitioner's brother Julian was living at her house, and five or six times he brought in electronic items, televisions, gaming systems, and power tools.[2] Julian indicated that these items had been obtained by breaking into houses. On three occasions, petitioner accompanied his brother and brought the items into Ms. Long's house. On those occasions, petitioner and his brother split the property. A red Wii gaming console was among the items petitioner brought into Ms. Long's home. (*Id.* at 153-66, PageID.550-54).

---

[2] Petitioner and his brother Julian were tried together.

Kylie Anderson testified that, on the morning of March 23, 2013, someone broke into her home on Birchcrest Drive. Entry had been made through a garage window that had been pried open. The property stolen from Ms. Anderson included jewelry, laptop computers, a camera, and a Sony Playstation gaming system. (TTIII, 66-81, 130; PageID.529-32, 545). On the same morning, petitioner attempted to sell a laptop computer and Sony Playstation to Elizabeth White. (*Id.* at 139-42, PageID.547-48).

Cameo Lynn, Ms. Anderson's neighbor, testified that, on the morning Ms. Anderson's property had been stolen, she saw a blue and yellow car pass slowly in front of her home at least three times. (*Id.* at 82-96, PageID.533-36). Officer Salamer Salazar of the City of Saginaw Police Department testified that, on March 23, 2013, he stopped a vehicle matching the description provided by Ms. Lynn. Officer Salazar activated the emergency lights and had to use his patrol car's air horn several times before the suspect vehicle pulled over. Alejandro Teneyuque, petitioner's cousin, was the driver, and petitioner and two others were passengers. Officer Salazar observed several items of loose jewelry on the car's floorboards and center console. (*Id.* at 96-114, 156-57, PageID.536-41, 551). The jewelry that police found inside the car included Ms. Anderson's distinctive gold ring with the Mercedes Benz emblem on it. Police also recovered Ms. Anderson's camera containing digital photos of her family. (*Id.* at 78-79, 115-28, PageID.532, 541-44). Ms. Lynn positively identified the vehicle as the one she had seen driving past her home. (*Id.* at 88, PageID.534).

At the close of the prosecutor's proofs, defense counsel moved for a directed verdict. She argued that most of the trial evidence concerned Julian, and that very little evidence related to petitioner. She also argued that Jessica Long was attempting to minimize her role and that her testimony was not credible. (TTIV, 75, ECF No. 11-12, PageID.622). The trial court denied the motion for a directed verdict finding that there was sufficient evidence for the case to go to the jury, and noting that the credibility of witness testimony is a matter for the jury to decide. (*Id.* at 76, PageID.622).

The jury convicted petitioner, and, on July 31, 2014, the trial court sentenced petitioner as previously indicated. (Sentencing Transcript, ECF No. 11-14, PageID.709-10; Judgment of Sentence Commitment to Corrections Department, ECF No. 11-15, PageID.727-28).

## B.     Subsequent Proceedings

Petitioner pursued an appeal in the Michigan Court of Appeals. He raised the same issues he is now raising in his habeas petition. (ECF No. 11-15, PageID.742). On February 9, 2016, the Michigan Court of Appeals issued its decision affirming petitioner's convictions and sentence. (Op., ECF No. 11-15, PageID.713-22). The Michigan Supreme Court denied petitioner's application for leave to appeal on the issues rejected by the Michigan Court of Appeals. (ECF No. 11-16, PageID.819).

On July 28, 2017, petitioner filed his petition for federal habeas corpus relief. (ECF No. 1).

**Discussion**

## I. Sufficiency of the Evidence

Ground I is petitioner's claim that his due process rights were violated because the evidence was insufficient to support the jury's verdict finding him guilty of second-degree home invasion and conspiracy to commit second-degree home invasion.[3] (ECF No. 1, PageID.6; ECF No. 1-2, PageID.40-42).

A section 2254 challenge to the sufficiency of evidence is governed by the standard set forth by the Supreme Court in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), which is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." This standard of review recognizes the trier of fact's responsibility to resolve reasonable conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Id.*; *see Cavazos v. Smith*, 565 U.S. 1, 2 (2011) (*per curiam*) (*Jackson v. Virginia* "makes clear that it is the responsibility of the jury — not the court — to decide what conclusions should be drawn from evidence admitted at trial."). Issues of credibility may not be reviewed by the habeas court under this standard. *See Herrera v. Collins*,

---

[3] Petitioner presents Ground I as a claim that the trial court erred in denying his motion for directed verdict. Such a claim, however, is not cognizable on habeas review. *See King v. Trippett,* 27 F. App'x 506, 510 (6th Cir. 2001); *Latimer v. McKee*, No. 1:11-cv-686, 2016 WL 7486276, at *10 (W.D. Mich. Dec. 30, 2016) ("It is well established that a purported error in denying a motion for directed verdict is a pure state law claim," and that it "does not provide a basis for federal habeas corpus relief.") (collecting cases). Ground I is indulgently considered herein as a challenge to the sufficiency of the evidence.

506 U.S. 390, 401-02 (1993).

Rather, the habeas court is required to examine the evidence supporting the conviction in the light most favorable to the prosecution, with specific reference to the elements of the crime as established by state law. *Jackson*, 443 U.S. at 324 n.16; *Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011).

The Michigan Court of Appeals ruled directly on this claim. Review of this issue must be conducted under the AEDPA standard, which the Sixth Circuit has described as "very deferential." *Durr v. Mitchell*, 487 F.3d 423, 448 (6th Cir. 2007). Review of challenges to the sufficiency of evidence under the *Jackson v. Virginia* standard proceeds under the "unreasonable application" prong of AEDPA. *See Saxton v. Sheets*, 547 F.3d 597, 602 (6th Cir. 2008). Such an argument is properly understood as an allegation that the state court's decision resulted in an unreasonable application of *Jackson v. Virginia*. *See Keys v. Booker*, 798 F.3d 442, 450 (6th Cir. 2015). Review "is limited to determining whether the evidence was so overwhelmingly in favor of the petitioner that it compelled a verdict in his or her favor." *Thompson v. Bock*, 215 F. App'x. 431, 436 (6th Cir. 2007). This standard presents a "nearly insurmountable hurdle" for the habeas petitioner. *Davis v. Lafler*, 658 F.3d at 534. "Adding to this extremely high bar are the stringent and limiting standards of AEDPA." *Id.*

The Sixth Circuit has summarized the "double layer of deference" given the state-court decisions in the context of sufficiency-of-the-evidence claims:

> First, as in all sufficiency-of-the-evidence challenges, we must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L.Ed.2d 560 (1979). In doing so, we do not re-weigh the evidence, re-evaluate the credibility of witnesses, or substitute our judgment for that of the jury. *See United States v. Hilliard*, 11 F.3d 618, 620 (6th Cir. 1993). Thus, even though we might have not voted to convict a defendant had we participated in jury deliberations, we must uphold the jury verdict if any rational trier of fact could have found the defendant guilty after resolving all disputes in favor of the prosecution. Second, even were we to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, we must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable.

*Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009).

The Michigan Court of Appeals articulated the appropriate standard under *Jackson v. Virginia*, citing state cases adopting this standard. (Op., 4, PageID.716). It found that there was sufficient evidence to support the jury's verdict.

Although petitioner was correct that there was no direct evidence placing him inside the burglarized homes, the elements of a crime may be established by circumstantial evidence. (*Id.* at 5, PageID.717). The Court of Appeals held that the jury could reasonably infer from Ms. Long's testimony that petitioner conspired with Julian to enter, did enter, and stole a red Wii from Ms. Lagalo's home. The Court of Appeals also held that a jury could reasonably conclude from Ms. White's testimony and other evidence that petitioner tried to sell her a laptop and a PlayStation that he

had earlier stolen from Ms. Anderson's home, and that petitioner conspired to commit, and did commit, the Anderson home invasion. The evidence presented to the jury "was sufficient to establish the elements of home invasion and conspiracy to commit home invasion beyond a reasonable doubt." (*Id.*).

I find that Ground I does not provide a basis for habeas corpus relief. Petitioner has not addressed or carried his burden under 28 U.S.C. § 2254(d) of demonstrating that the decision of the Michigan Court of Appeals was an unreasonable application of the *Jackson v. Virginia* standard.

## II. Prosecutorial Misconduct

Ground II is petitioner's argument that prosecutorial misconduct in the questioning of Jessica Long deprived him of a fair trial. (ECF No. 1, PageID.7; ECF No. 1-3, PageID.43-45).

The scope of habeas review regarding allegations of prosecutorial misconduct is narrow. This court does "not possess supervisory powers over state court trials." *Byrd v. Collins*, 209 F.3d 486, 529 (6th Cir. 2000). "It is the responsibility of the state courts to police their prosecutors; [this court has] no such authority." *Id.* "Therefore, on habeas review, our standard is limited to 'the narrow one of due process.'" *Id.* (quoting *Darden v. Wainwright*, 477 U.S. 168, 181 (1986)); *see Slagle v. Bagley*, 457 F.3d 501, 516 (6th Cir. 2006) (" '[T]he appropriate standard of review for ... a claim [of prosecutorial misconduct] on a [petition for a] writ of habeas corpus is the narrow one of due process, and not the broad exercise of supervisory power.' ") (quoting *Darden*, 477 U.S. at 181). To be grounds for habeas corpus relief, the alleged

misconduct must have "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden*, 477 U.S. at 181; *see Parker v. Matthews*, 567 U.S. 37, 45 (2012).

Because the Michigan Court of Appeals rejected his claims for lack of merit, petitioner faces the significant additional hurdle of demonstrating that the decision of the state court "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or that it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Petitioner's argument is based on the following exchange between the prosecutor and Ms. Long:

> Q. So, obviously, during that month of March 2013 it became obvious to you that these guys were bringing in property to your house that were [sic] from other people, correct?
>
> A. Yes.

(TTIII, 170-71, ECF No. 11-11, PageID.555). The Michigan Court of Appeals found that, although the prosecutor committed error in asking this question, the question and response did not deprive petitioner of a fair trial. The record did not suggest that the jury was unduly influenced by the exchange. The jury had been instructed that it was their job to determine the facts in the case and to determine how much they believed of what each witness said. It is presumed that jurors follow instructions. *See Weeks v. Angelone*, 528 U.S. 225, 234 (2000). In this case they "followed their instructions and decided for themselves whether the items Julian and [petitioner]

brought to Long's house were stolen." (Op., 7, PageID.719). Further, the Court of Appeals found that, absent this exchange, there was evidence from which the jury could reasonably find that petitioner received and concealed stolen goods. (*Id.*). "[T]here [was] no evidence to support the conclusion that the above-quoted exchange seriously affected the fairness, integrity, or public reputation of the proceedings or resulted in the conviction of any innocent person[.]" (*Id.*).

Petitioner has not addressed, much less carried his burden under 28 U.S.C. § 2254(d). I find that the decision of the Michigan Court of Appeals rejecting Ground II was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or that it was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Ground II does not provide a basis for habeas corpus relief.

### III.   Certificate of Appealability

Even though I have concluded that petitioner's habeas petition should be denied, under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467.

I have examined each of petitioner's claims under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that ... jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of petitioner's claims. *Id.*

I find that reasonable jurists could not conclude that this Court's denial of petitioner's claims would be debatable or wrong. Therefore, I recommend that a certificate of appealability should be denied.

## Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be denied on its merits. I also recommend that a certificate of appealability be denied.

Dated:   February 5, 2019            /s/  Phillip J. Green
                                                                PHILLIP J. GREEN
                                                                United States Magistrate Judge

## NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice.  *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).