UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANESTACIO TENEYUQUE, #665266,  )
                   Petitioner,  )
                                   )    No. 1:17-cv-681
-v-                              )
                                   )    Honorable Paul L. Maloney
SHANE JACKSON,                  )
                 Respondent. )
_____)

## ORDER GRANTING MOTION FOR RECONSIDERATION, VACATING PRIOR ORDER AND JUDGMENT; AND ORDER ADOPTING REPORT AND RECOMMENDATION, DENYING PETITION FOR HABEAS RELIEF

Petitioner Teneyuque filed a motion for reconsideration. (ECF No. 17.) Petitioner requests the Court reconsider the order adopting the Report and Recommendation.

Teneyuque was convicted by a Michigan court in 2014. The Michigan Court of Appeals affirmed his conviction and the Michigan Supreme Court denied leave to appeal in July 2016. Teneyuque filed his § 2254 petition for habeas relief in July 2017.

On February 5, 2019, the magistrate judge issued a report recommending the petition be denied. Having received no objections, this Court adopted the report and recommendation on March 5 and entered judgment. (ECF Nos. 13 and 14.) On March 6, the clerk filed Teneyuque's objections, which bore a date stamp of March 1. (ECF No. 15.)

A.

Teneyuque filed a motion for reconsideration. (ECF No. 17.) He alleges he sought an extension of time to file his objections but mailed the motion to the Michigan Attorney

General's office by mistake. Teneyuque filed, as an attachment, the prison form showing how the mistake occurred. (ECF No. 17-1 PageID.906.) Motions for reconsideration may be brought under Local Rule 7.4, which requires the moving party to demonstrate a palpable defect and also show that a different disposition must result from the correction.

In an abundance of caution, the Court will grant Teneyuque's motion for reconsideration. The evidence establishes that he diligently litigated this lawsuit. He timely filed a motion for an extension of time but sent the motion to the wrong address. Teneyuque also placed his objections in the mail before this Court adopted the report and recommendation, although the order adopting the report entered before the objections reached the Clerk. Under these unique circumstances, the Court will grant the motion for reconsideration, will set aside the order adopting the report and recommendation and the judgment, and will consider his objections.

B.

In his petition, Teneyuque advances two reasons the Court should grant him relief. The two arguments are the same arguments he raised before the Michigan Court of Appeals. Teneyuque asserted (again) that his conviction was not supported by sufficient evidence and that the testimony of one of the witnesses violated his due process rights. The Michigan Court of Appeals rejected both arguments. The magistrate judge carefully explained why the same two arguments do not provide a basis for federal habeas relief.

In his objections, Teneyuque merely repeats the same arguments raised on appeal in state court and again in his habeas petition. Teneyuque does not object to any proposed finding of fact or any of the legal propositions outlined in the report and recommendation.

For the first claim, the magistrate judge explained that direct evidence was not required for a conviction and then identified the circumstantial evidence that supported the jury's verdict. For the second claim, the magistrate judge noted that the state court of appeals agreed that the testimony elicited by the prosecutor was in error but did not deprive Teneyuque of a fair trial. For both claims, the magistrate judge explained why Teneyuque is not entitled to federal habeas relief.

A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). "[A]n objection that does nothing more than state a disagreement with the magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72." *Brown v. City of Grand Rapids, Michigan*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017).

Teneyuque's objections are overruled. The Court finds the proposed facts and conclusions of law in the report and recommendation are supported by the record. Teneyuque has not addressed the reasons provided in the report and recommendation for denying federal habeas relief.

C.

1. Teneyuque's motion for reconsideration (ECF No. 17) is **GRANTED**;

2. The Court's prior order adopting the report and recommendation (ECF No. 13) and Judgment (ECF No. 14) are **VACATED**;

3. Having reviewed the record and Teneyuque's objections (ECF No. 15), the Report and Recommendation (ECF No. 12) is **ADOPTED** as the Opinion of this Court;

4. The Court **DENIES** a Certificate of Appealability. No reasonable jurist would disagree with the manner in which the Court has resolved Teneyuque's claims.

**IT IS SO ORDERED.**

Date: May 3, 2019              /s/ Paul L. Maloney
                               Paul L. Maloney
                               United States District Judge